Silverman Perlstein & Acampora LLP
Counsel to Kenneth P. Silverman, Esq., the Chapter 11 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Kenneth P. Silverman, Esq. (KPS#2826)
Ronald J. Friedman, Esq. (RJF#1314)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
AT BOWLING GREEN
---------------------------------------------------------------- x
In re:                                                              Chapter 11
                                                                    Case No. 04-40329
ONE PRICE CLOTHING STORES, INC. et. al.,                            through 04-40331 (CB)

                              Debtors.                              Jointly Administered
---------------------------------------------------------------- x

**MOTION OF THE CHAPTER 11 TRUSTEE FOR
AN ORDER CONVERTING THE DEBTORS JOINTLY ADMINISTERED CHAPTER 11
<u>CASES TO CASES UNDER CHAPTER 7 AND GRANTING RELATED RELIEF</u>**

**To:   The Honorable Cornelius Blackshear
       United States Bankruptcy Judge**

Kenneth P. Silverman, Esq., the Chapter 11 Trustee of the estate of One Price Clothing Stores, Inc. <u>et</u>. <u>al</u>.(the "Debtors"), by his attorneys, Silverman Perlstein & Acampora, LLP, submits this motion (the "Motion") seeking the entry of an order pursuant to 11 U.S.C. §§ 105(a) and 1112(b), converting the Debtors Chapter 11 cases to proceedings under Chapter 7 of the Bankruptcy Code, and granting the Trustee such other, further and different relief as this Court deems just and proper, respectfully represents the following:

## <u>BACKGROUND</u>

1.      On February 9, 2004 (the "Filing Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (hereinafter, "Bankruptcy Code") with this Court.

2.      On August 2, 2004, the Court ordered the appointment of a Chapter 11 Operating Trustee.

3.      On August 13, 2004, Kenneth P. Silverman, Esq. was appointed the Chapter 11

Operating Trustee for this estate.

4. Until the Trustee's appointment, the Debtors continued in the management of their property and operation of their business and affairs as debtors and debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

5. By Orders of the Court dated March 3, 2004 and April 5, 2004, the Debtors were authorized to sell certain of their assets.

6. Jurisdiction over this proceeding is based upon 28 U.S.C. §157(a) and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York. The statutory predicates for the Motion are 11 U.S.C. §§ 105(a) and 1112(a) and Federal Rules of Bankruptcy Procedure 1017, 1019, 2002 and 9014.

7. This Court is the proper venue for this proceeding in accordance with 28 U.S.C. §1409.

8. Prior to and after the Filing Date, the Debtors were engaged in the business of selling clothing items. Subsequent to the filing, the Debtors, with the approval of the Court, consummated the sale of substantially all of the Debtors' tangible assets to various third parties which had been negotiated prior to the Trustee's appointment. Based upon the consummation of those asset sales, the Debtors no longer have any operating business.

**CAUSE EXISTS TO CONVERT THE DEBTORS'
CHAPTER 11 CASE TO ONE UNDER CHAPTER 7**

9. Section 1112(b) of the Bankruptcy Code provides the statutory basis for a chapter 11 trustee to convert a case to one under chapter 7, and requires that "cause" be established in order to convert the case. See 11 U.S.C. § 1112(b). Although cause is not a defined term in the Bankruptcy Code, Section 1112(b) describes a variety of factors which may constitute "cause" for the conversion of a Chapter 11 case to a Chapter 7 case or for the

dismissal of a Chapter 11 case in its entirety. See id. Under that provision, the Court may find cause in the following circumstances, inter alia:

    a) continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

    b) inability to effectuate a plan; or

    c) unreasonable delay by the Debtor that is prejudicial to creditors.

See 11 U.S.C. §1112(b)(1)-(3). However, the examples of cause enumerated in §1112(b) were not intended by Congress to be exhaustive. See 11 U.S.C. §102(3); see also See In re C-TC 9th Avenue Partnership, 113 F.3d 1304, 1310-11 (2d Cir. 1997); In re Tornheim, 181 B.R. 161, 163 (Bankr. S.D.N.Y. 1995), appeal dismissed, 1996 WL 79333 (S.D.N.Y., Feb. 23, 1996); In re Mechanical Maintenance, Inc., 128 B.R. 382, 386 (E.D. Pa. 1991).

    10. There are several reasons mandating conversion of the Debtors' Chapter 11 cases, all of which are substantive and vital to the purpose and intent of a Chapter 11 filing. Congress clearly described the goal of filing a Chapter 11 petition as follows:

> The purpose of a business reorganization case . . . is to restructure a business' finances so that it may continue to operate, provide its employees with jobs, pay its creditors and produce a return for its stockholders . . .

H.R. Rep. No. 595, 95th Cong. 1st Sess. 220-21 (1977), U.S.C.C.A.N. 1978, pp 5963, 6174, 6180. The key phrases in this explanation of the Chapter 11 purpose are "restructure a business' finances" and "business reorganization". See In re HBA East, Inc., 87 B.R. 248, 259 (Bankr. E.D.N.Y. 1988).

**The Trustee Has Wound-Up The Operations of the Business**

    11. As set forth earlier herein, all operations of the Debtors' business has ceased and substantially all of the Debtors' known tangible assets have been liquidated. At this point, all that remains is the prosecution of extensive and significant litigation against various insiders and third parties, and the collection of accounts receivable and the pursuit of bankruptcy avoidance actions. Thus, there is no business remaining to "reorganize."

12. Moreover, continuing this case under Chapter 11 will only result in increased costs that could be avoided if the case were converted to one under Chapter 7. First, the estate continues to accrue and pay United States Trustee quarterly fees. Second, continuing the case as a liquidating Chapter 11 would require the additional costs and expense associated with drafting, seeking approval of, serving and soliciting votes on a liquidating plan. A conversion of this case to one under Chapter 7 would avoid those unnecessary expenses. Moreover, at the present, the accrued Chapter 11 Administrative Claims, comprised of accounts payable, sales tax, property tax, unemployment tax claims, payroll withholding tax claims, etc., exceed $3 Million.

13. Every one of the Trustee's remaining duties in this case can be performed within a Chapter 7 case without incurring the operating costs. Given the current status of the Debtors, it is more economical and efficient for the estate to be administered under the provisions of Chapter 7 of the Bankruptcy Code.

14. Based on the foregoing, this Court should find that "cause" exists to convert these cases, and the conversion of these proceedings to cases under Chapter 7 of the Bankruptcy Code is in the best interests of the creditors. Annexed hereto as **Exhibit 1**, is a copy of the proposed order.

15. The Trustee proposes that, Notice of the Motion, as set forth in the proposed scheduling order be provided with annexed exhibits, by overnight delivery on or before March 2, 2005, upon: (i) Debtors' counsel; (ii) the Office of the United States Trustee; (iii) counsel for Congress Financial Corporation, as agent to the Debtors' senior secured lenders; (iv) counsel for the Official Committee of Unsecured Creditors; (v) all federal, state and local taxing authorities; and (vi) all entities that have properly served and filed Notices of Appearance in the Debtors' cases. It is submitted that such notice is appropriate under the circumstances.

16. The Trustee respectfully requests that the Court waive the requirement set forth in Local Bankruptcy Rule 9013-1(b) that any application filed with the Court shall have an

accompanying memorandum of law.  No novel issues of law are raised in the application and the relevant legal authority for the relief sought has been discussed herein.

17. No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order in accordance with §§ 105(a) and 1112(b) of the Bankruptcy Code converting this Chapter 11 case to a Chapter 7 liquidation, and granting such other and further relief as may be deemed just and proper.

Dated: Jericho, New York
February 28, 2005

**Silverman Perlstein & Acampora LLP**
Attorneys for Kenneth P. Silverman, Esq., the
Chapter 11 Operating Trustee

By: s/Ronald J. Friedman
Ronald J. Friedman, Esq. (RJF#1314)
A Member of the Firm
100 Jericho Quadrangle
Jericho, New York 11753
(516) 479-6300